Bay, J.
The view we take of the case renders it unnecessary for us to notice but one of the grounds of error alleged — that founded upon the charge of the court relating to negligence of the plaintiff below contributory to the injury of which he complains.
The court properly instructed the jury that the plaintiff could not recover unless he proved that the injury he complained of was occasioned by the negligence or want of skill of the defendants in the action; and also that he could not recover, if, “without any fault” on their part, such injury was occasioned by his own negligence.
This was the theory of the charge to the jury, omitting to state how the case would be affected, if the injury for which a recovery was sought was occasioned by the negligence of both parties.
Thereupon the defendants asked the court to charge the jury, that if the negligence of the plaintiff contributed to such injury, he could not recover.
It was settled in Geiselman v. Scott, 25 Ohio St. 86, that actions against physicians or sui’geons, founded on their *249 professional unskillfulness or negligence, are controlled, in respect to contributory negligence of the plaintiff, by the principles applicable to other actions for injuries founded on negligence.
The case made by the evidence fairly put in question the conduct of the plaintiff in respect to the injury complained of; the defendants were, therefore, entitled to the charge requested. Nor was it refused by the court; but it was given in a qualified form, as if it were “ an abstract principle of law,” unavailable to the defendants unless it was proved by them that the plaintiff was in fault.
With this qualification, as given by the court, the jury might fairly infer that they were bound to ignore the evidence given by the plaintiff tending to show negligence on his part, and to find him to be without fault, unless it was established by evidence given by the defendants.
The defendants were entitled to have the question, made by the charge they requested, decided by the jury upon the whole evidence in the case; and although the burden may be regarded as on them to show contributory negligence on the part of the plaintiff', they could not properly be limited to the evidence given by them alone; and a charge, from which that might be fairly inferred, would be manifestly misleading, and, upon the evidence in this case, would be prejudicial to the defendants; for the fault of the plaintiff, if any, was shown in part only by the evidence of the plaintiff.
Indeed,the court so entirely ignored the idea that negligence of the plaintiff, contributing to the injury of which he complained, would exculpate the defendants from like negligence, that, after qualifying the proposition requested as before stated, it concluded the charge to the jury by instructing them, without qualification, that if the plaintiff’s shoulder became displaced after it was set, by reason of the negligence or unskillfulness of the defendants, he would have a right to recover.
We are apprehensive that under the charge, as given, the jury may have been so far misled, in relation to the question *250 of contributory negligence by the plaintiff, as to give a different verdict from what they would have done if the question had been left to them unqualifiedly to be decided upon the whole evidence in the case.
Taking this view of the case, we do not feel called upon to discuss at length the vexed questions relating to the burden of proof in cases founded on negligence.
The circumstances and character of the injury complained of in this case were such as necessarily devolved carefulness upon the plaintiff, -and the evidence given by him disclosed a case which fairly put in question the due exercise of care on his part; and, as said by the court in Waters v. Wing, 59 Penn. St. 211, the request of the defendants should have been so answered “ that the jury might have been left free to consider the defects of the plaintiff's case.” That was a case founded on negligence, and, as in this case, the plaintiff was exposed to a suspicion of negligence. A charge like that given in this case was'held to be an inadequate presentation of the law, in that it went too far in placing the burden of proof on the defendant, when the jury should have been left free to consider the defects of the plaintiff’s case.
It is only when the injury is shown by the plaintiff* and there is nothing that implies that his own negligence contributed to it, that the burden of proving contributory negligence can properly be said to be cast on the defendant; for when the plaintiff’s own case raises-the suspicion that his own negligence contributed to the injury, the presumption of due care on his part is so far removed that he can not properly be relieved from disproving his own contributory negligence by casting the burden of proving it on the defendant, the same as if the presumption in favor of the plaintiff* was unquestioned on his own case. The question should be left, upon the whole evidence, to the determination of the jury, with the instruction that the plaintiff can not recover if his own negligence contributed to the injury. 24 Ohio St. 631, 642, 654; Whar. on Neg., secs. 425, 426; Shear. & Red. on Neg., secs. 43-45.
*251 It follows that judgment of the court of common pleas must be reversed, and cause remanded for a new trial.

Judgment accordingly.